STEINHART *et al. v.* GROSS.

(*Supreme Court, General Term, First Le* )*artment.*   March 31, 1892.)

**1. CONVERSION—EVIDENCE.**

In an action against a receiver of stolen goods by the owner thereof, a witness cannot be questioned as to the receipt of packages by members of defendant's family, for the purpose of showing that such members were "recipients of the thief's bounty."

**2. REVIEW ON APPEAL—OBJECTIONS NOT MADE BELOW.**

The ground that the answer to the question would have tended to impeach the credibility of the witness, not being suggested as a reason for the admission of the testimony on the trial, cannot be considered on appeal.

Appeal from circuit court, New York county.

Action by Israel Steinhart and others against Ignatz Gross to recover the value of stolen goods. Judgment for defendant. Plaintiffs appeal. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and INGRAHAM, JJ.

*Horwitz & Hershfield,* (*Otto Horwitz,* of counsel,) for appellants. *Julius Lehmann,* (*Charles Strauss,* of counsel,) for respondent.

PER CURIAM. This action was brought by the plaintiffs to recover from the defendant the value of certain property which the plaintiffs alleged belonged to them, and which had been stolen by one of their employes. The only witness to substantiate the plaintiffs' case upon the main point in issue was the thief; and as far as the questions involved, depending upon his testimony and that of the witnesses upon the part of the plaintiffs, were concerned, it was entirely a matter for the jury; and we do not see that the learned court in any way departed from the strict path of duty in cautioning the jury upon the amount of credence which was to be given to a case supported by evidence of that character. The only question of law presented upon this trial is the exception taken upon the cross-examination of one of the witnesses called upon the part of the defendant. This witness was called for the purpose of showing the nature of certain packages which had been sent by the thief to the defendant, and, after having been examined in chief, upon cross-examination testified to the receipt of certain packages, that she had not seen any other packages, and that, as far as she was concerned, she had received only one package sent by the thief. The counsel for the appellant was thereupon proceeding with the cross-examination upon this subject, when the court stated that this had nothing to do with the case. The appellant's counsel stated that the purpose of the examination was to show that this witness, as well as other members of the family, was the recipient of the thief's bounty as he called it. The court replied that this fact had nothing to do with the case, and that they could not recover unless they showed that the defendant was the recipient of the goods. Thereupon the plaintiffs' counsel stated that he would put one or two questions to take the ruling of the court, and then drop the subject: "*Question.* Is that package you have just spoken of the only package that was sent to your house by this man Weiss [the thief] in the spring of 1890, by express?" The defendant's counsel did not object to the question, but the court ruled it out upon its own motion; and this is claimed to be error upon two grounds: That it tended to impeach the credibility of the witness by showing that she, as well as the defendant, had been the recipient of the packages of the plaintiffs' goods through the instrumentality of the thief; and that it would have established the fact that the thief was in the habit of distributing his bounty indiscriminately to the members of the defendant's household. The first ground now suggested was not named to the court as the reason for the admission of this testimony, and the ground upon which the appellant upon the trial claimed the testimony to be admissible was

the second. As to whether this thief had distributed this property to other persons was a question which was entirely immaterial in the case, and the court was correct in excluding the testimony. For these reasons we think there is no ground presented showing error in the trial of the case, and the judgment and order should be affirmed, with costs. All concur.